UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLIAMS INSURANCE AND
CONSULTING, INC.,

    Plaintiff,

v.                                                              Case No. 19-13706

GOOSEHEAD INSURANCE AGENCY,
L.L.C.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

      Plaintiff Williams Insurance and Consulting, Inc., sues Defendant Goosehead Insurance Agency, L.L.C., for unlawful termination of a franchise agreement under Michigan Comp. Laws § 445.1527, breach of contract, unjust enrichment, and declaratory relief. (ECF No. 1-2.) Plaintiff alleges that Defendant unlawfully terminated an agreement in which Plaintiff sold property and casualty insurance as a franchisee of Defendant. (*Id.*) Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) In the alternative, Defendant seeks transfer of the case and dismissal of two counts brought under Michigan law. (*Id.*) Plaintiff has responded and Defendant has replied. (ECF Nos. 5, 9.) The court finds a hearing unnecessary, and for the reasons provided below, the court will grant Defendant's motion. E.D. Mich. L.R. 7.1(f)(2). Plaintiff's complaint will be dismissed without prejudice.

## I. BACKGROUND

Plaintiff filed suit on November 25, 2019. Plaintiff alleged that Defendant improperly terminated a franchise agreement whereunder Plaintiff sold property and casualty insurance on behalf of Defendant. (ECF No. 1-2, PageID.17, ¶¶ 23-24.) Plaintiff argues that Defendant claimed Plaintiff breached a non-compete clause in the franchise agreement and thereafter Plaintiff was cut off from Defendant's computer system, client accounts, and client communications, without the opportunity to cure any violation. (*Id.*)

The case was originally filed in Oakland County Circuit Court and was removed to federal court alleging diversity jurisdiction. (ECF No. 1, PageID.3.) In response to Plaintiff's complaint, Defendant moves to dismiss. (ECF No. 4.)

Defendant bases its motion wholly on a forum-selection clause included in the relevant franchise agreement.[1] (ECF No. 1-2, PageID.14, ¶ 7.) The clause states:

> [T]he parties agree that any action that you bring against us, in any court, whether federal or state, must be brought only within the state and judicial district in which we maintain our principal place of business.

(*Id.*, PageID.14, 81 (Section 27.2).) The agreement specifies that "us" and "our" refers to Defendant and "you" refers to Plaintiff. (*Id.*, PageID.27.) Defendant's principal place of business is listed as 1500 Solana Blvd., Suite 4500, Westlake, Texas 76262. (*Id.*)

---

[1] Defendant includes additional argument for alternative remedies if the court were to deny Defendant's motion to dismiss.

2

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Plaintiff attaches the franchise agreement to its complaint and does not contest the existence of a forum-selection clause. *Commercial Money Center, Inc. v. Ill. Union Ins.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss."). (ECF No. 1-2, PageID.14, 81; ECF No. 5, PageID.346.) Instead, Plaintiff argues that Michigan statutory law renders the forum-selection clause void and unenforceable.

The Michigan Franchise Investment Law ("MFIL"), Mich. Comp. Laws § 445.1501 *et seq.*, makes any "provision requiring that arbitration or litigation be conducted outside

3

the state" void. Mich. Comp. Laws § 445.1527(f). The law applies to "all written or oral agreements between a franchisor and franchisee in connection with the offer or sale of a franchise." Mich. Comp. Laws § 445.1504(1). Taking Plaintiff's allegations as true, Plaintiff was Defendant's franchisee. *Laborers' Local 265 Pension Fund*, 769 F.3d at 403. (ECF No. 1-2, PageID.13.) Their agreement was "an offer or sale of a franchise" governed by MFIL. Mich. Comp. Laws § 445.1504(1). If Michigan law applies, the forum-selection clause is unenforceable. *Buist v. Dig. Message Sys. Corp.*, No. 229256, 2002 WL 31957703, at *2 (Mich. Ct. App. Dec. 27, 2002) ("Thus, under the plain language of 445.1527(f), the provision requiring plaintiff [franchisee] to bring suit in Florida is unenforceable."); *Live Cryo, LLC v. CryoUSA Import and Sales, LLC*, No. 17-cv-11888, 2017 WL 4098853, at *5 (E.D. Mich. Sep. 15, 2017) (finding that if Michigan law applied, a forum-selection clause in a franchise agreement is unenforceable). Defendant does not contest this.

Nonetheless, Michigan law is not applicable here. "[I]n [a] diversity suit, the enforceability of the forum selection clause is governed by federal law." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (finding inapplicable Ohio's public policy against enforcement of forum-selection clauses in certain contexts); *Boling v. Prospect Funding Holdings, LLC*, 771 Fed. App'x 562, 568 (6th Cir. 2019) ("Federal law governs the enforceability of a forum-selection clause in a diversity suit."); *United Am. Healthcare Corp. v. Backs*, 997 F.Supp.2d 741, 747 (E.D. Mich. 2014) (citations removed) (emphasis in original) ("Defendant claims that the forum selection clause should not be enforced because it does not satisfy the requirements for enforcing a forum selection clause under Michigan law . . . However, as Plaintiff points out, the Sixth

4

Circuit has ruled that the enforceability of the forum selection clause is governed by *federal law* in a diversity suit such as this case."); *Ferris & Salter, P.C. v. Thomson Reuters Corp.*, 819 F.Supp.2d 667, 671 (E.D. Mich. 2011) (citing *Wong*, 589 F.3d at 828) (Before enforcing a forum-selection clause: "[T]he Court notes that it need not decide which state law applies to the contract because, for present purposes, the only law that applies is federal law.").

Under federal law, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong*, 589 F.3d at 828 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991)). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Wong*, 589 F.3d at 828 (citing *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995)).

The Sixth Circuit has articulated a three-part test for evaluating the enforceability of a forum-selection clause. The court considers "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014); *Wong*, 589 F.3d at 828.

Plaintiff does not argue that the franchise agreement was the product of "fraud, duress, or other unconscionable means." *Smith*, 769 F.3d at 930. There are no

allegations or plausible inferences that Plaintiff "did not knowingly and willingly consent to the inclusion of the clause in the agreement." *Ashcroft*, 556 U.S. at 678; *Wong*, 589 F.3d at 828. In fact, Plaintiff relies on the validity of the contract and the good-faith nature of its negotiations when Plaintiff seeks to enforce the agreement with breach of contract and unlawful termination claims. The franchise agreement, by all accounts, was a valid contract entered into by two sophisticated corporations, both of which specialize in the contract's subject matter. The first factor of consideration supports enforcement of the forum-selection clause. *Smith*, 769 F.3d at 930.

Plaintiff devotes no argument to "whether the designated forum would ineffectively or unfairly handle the suit." *Smith*, 769 F.3d at 930. If the forum-selection clause is enforced, Plaintiff would have to litigate in the Northern District of Texas, where Defendant's principal place of business is located. *Tarrant County*, United States District Court, Northern District of Texas, http://www.txnd.uscourts.gov/city-data/tarrant-county (last visited Feb. 7, 2020). ((ECF No. 1-2, PageID.27, 81.) Plaintiff has not met the exceptionally high burden of demonstrating that it "will be denied any remedy or will be treated unfairly." *Wong*, 589 F.3d at 829. The court finds no reason to believe that the Northern District of Texas is unable to efficiently, effectively, and fairly resolve a breach of contract suit. To the extent Plaintiff relies on Michigan law,[2] the court foresees little to no difficulty in Northern District of Texas judges understanding and applying it. The second factor favors enforcement. *Smith*, 769 F.3d at 930.

---

[2] Defendant strongly contests the applicability of Michigan law in this case, citing to a choice-of-law clause in the franchise agreement mandating exclusive use of Texas law. (ECF No. 1-2, PageID.81.)

Lastly, Plaintiff does not address whether its inconvenience would be so great as to make litigation in Texas unjust. *Smith*, 769 F.3d at 930. However, in the portion of Plaintiff's argument devoted to attacking the alternative of transfer, Plaintiff mentions the inconvenience of witnesses located in Michigan and the center of events occurring in Michigan. While it is true that Plaintiff's franchise is located in Michigan, Defendant's headquarters as franchisor is located in Texas. Many important witnesses and documents are kept in this central location, where Defendant's decision to terminate the franchise agreement arose. (ECF No. 4-5, PageID.273, ¶¶ 9-10.) Putting aside arguments on which venue is superior, Plaintiff willingly agreed to the contract's forum-selection clause and has not shown that Texas "would be such an inconvenient forum to yield it unjust or unreasonable." *Wong*, 589 F.3d at 830. This is not an "exceptional case" of hardship. *Atlantic Marine Const. Co.*, 571 U.S. at 63.

With the contract's forum-selection clause applicable and enforceable, the only question left for the court to decide is remedy. Defendant moves to dismiss the complaint. Only in the alternative does Defendant request transfer along with dismissal of two counts of Plaintiff's complaint. The court does not find it necessary to address additional issues. Regarding the forum-selection clause, Plaintiff argues that it is void under Michigan law and nothing else. Plaintiff provides no positive indication or preference toward transfer if the court were to find the clause enforceable. In fact, Plaintiff rejects transfer and presents in-depth arguments against it. (ECF No. 5, PageID.358-60.) With Defendant seeking dismissal, Plaintiff opposing transfer, and a forum-selection clause unambiguously precluding litigation in Michigan, the court will dismiss Plaintiff's complaint under Rule 12(b)(6). *Ferris & Salter, P.C.,* 819 F.Supp.2d

7

667 (enforcing a forum-selection clause by dismissing the complaint under Rule 12(b)(6) where the defendant moved to dismiss and in the alternative moved for transfer); *Langley v. Prudential Mortg. Cap. Co.*, 546 F.3d 365, 369 (6th Cir. 2008) (suggesting a defendant file a motion to dismiss under rule 12(b)(6) to enforce a forum-selection clause); *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369 (6th Cir. 1999) (affirming dismissal under Rule 12(b) for a claim filed in violation of a forum-selection clause); *Smith*, 769 F.3d at 933-34 (affirming the use of Rule 12(b)(6) to enforce a forum-selection clause and noting that the plaintiff "never sought transfer before the district court").

### IV. CONCLUSION

The franchise agreement in this suit contains a valid and enforceable forum-selection clause. Plaintiff is required to litigate in the Northern District of Texas and cannot continue in the Eastern District of Michigan. Defendant's motion will be granted and Plaintiff's complaint will be dismissed without prejudice. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 4) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

                                        s/Robert H. Cleland       /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: February 11, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Wagner              /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13706.WILLIAMSINS.MotiontoDismiss.RMK.RHC.docx